IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



SUNDARI K. PRASAD,

    Plaintiff,

v.                                                                                   Civil Action No. **3:17CV322**

**RICK FRIEDMAN,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

Sundari K. Prasad, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)), *aff'd,* 36 F.3d 1091 (4th Cir. 1994).

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Prasad's Complaint

The action proceeds on Prasad's Amended Second Particularized Complaint ("Complaint," ECF No. 18).[2] Prasad names three attorneys from the Friedman Law Firm[3] who apparently represented Prasad in a state court custody proceeding. Prasad contends the Defendants "(collectively) violated [her] civil rights by taking advantage of Plaintiff's incapacity to handle situations fully" amongst other complaints. (Compl. 4 (capitalization corrected).) Plaintiff seeks declaratory, injunctive, and monetary relief. (*Id.* at 5.)

---

[2] This is the most recent complaint filed by Prasad and it therefore supplants her prior Particularized Complaints. (*See* ECF No. 14, at 2.) The Court employs the pagination assigned by the CM/ECF docketing system to Prasad's submissions. The Court corrects the spelling, punctuation, and removes the emphasis in the quotations from Prasad's Complaint.

[3] Prasad names attorneys Richard Friedman, Kimberly Fitzgerald, and Lindsay Dugan. (Compl. 1.)

## III. Analysis

It is both unnecessary and inappropriate to engage in an extended discussion of Prasad's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Ultimately, Prasad's Complaint will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous.

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Prasad names three attorneys who apparently represented her in a state court custody proceeding. "It is well-settled that attorneys engaged in private practice do not act under color of state law within the meaning of § 1983." *Parent v. New York*, 786 F. Supp. 2d 516, 538 (N.D.N.Y. 2011) (citation omitted), *aff'd*, 485 F. App'x 500 (2nd Cir. 2012); *see Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015); *Davis v. Self*, 547 F. App'x 927, 934 (11th Cir. 2013); *cf. Polk Cty. v. Dodson*, 454 U.S. 312, 318, (1981) (holding that court appointed lawyer is not an officer of the court within § 1983).[4] Accordingly, Prasad's claims against Defendants will be DISMISSED WITH PREJUDICE for failure to state a claim and as legally frivolous.

---

[4] To the extent that Prasad alleges that these attorneys were somehow involved with her criminal case, defense attorneys and public defenders also do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g., Polk Cty.*,

4

## IV. Conclusion

For the foregoing reasons, Prasad's claims will be DISMISSED for failure to state a claim and as legally frivolous. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: JUN 2 5 2018
Richmond, Virginia

---

454 U.S. at 325 ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that district court lacked jurisdiction over *Bivens* action because federal public defender does not act under color of federal law).

5